IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY J. CARDENAS,

    Plaintiff,

v

UNKNOWN, et al.,

    Defendants.

No. 2:19-CV-0691-TLN-DMC-P

FINDINGS AND RECOMMENDATIONS

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (ECF No. 18).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Danny J. Cardenas names three defendants: (1) B.S. Edwards, (2) C. Brooks, and (3) Steven C. Davis. See ECF No. 18. At some point during his incarceration, plaintiff became unconscious and struggled to breath. Id. Plaintiff alleges that defendant Brooks violated his Eighth Amendment right to medical treatment by failing to provide him CPR and instead allowing defendant Davis, an inmate, to attempt life-saving treatment. Id. Plaintiff also alleges that defendant Brooks was aware that plaintiff was unconscious and not breathing. Id. Plaintiff claims that Brooks failed to either administer oxygen to plaintiff or properly instruct Edwards. Id. As a result, plaintiff states that he has suffered from vision loss in both eyes as well as brain damage. Id.

## II. DISCUSSION

Plaintiff has alleged sufficient facts for his Eighth Amendment claims against Defendants Edwards and Brooks to proceed past screening. By separate order, the court will direct service of process on defendants Edwards and Brooks.

A prison official violates the Eighth Amendment when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In his second amended complaint, plaintiff alleges that Edwards and Brooks: 1) were aware that plaintiff was struggling to breath and that an alarm had been activated; 2) refused

to perform CPR or other life-saving treatment; and 3) instead directed a fellow inmate to perform life-saving treatment. See ECF No. 18, pgs. 1-3

Here, Plaintiff has not stated a cognizable claim against defendant Davis. To state a valid claim under § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Where a private party conspires with state officials to deprive others of constitutional rights, however, the private party is acting under color of state law. See Tower v. Glover, 467 U.S. 914, 920 (1984). "To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights." United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989).

Defendant Davis is not a state actor. In multiple parts of the complaint, plaintiff refers to Davis as "inmate Davis." See ECF No. 18. From the brief statement of facts in plaintiff's second amended complaint, it is evident that Davis was not an employee of the prison but was simply another inmate. Nothing from the complaint alleges any sort of conspiracy on the part of Davis and the defendant corrections officers to deprive plaintiff of his rights, nor does one seem plausible given the alleged facts. Therefore, Davis is not a proper defendant for this § 1983 action.

///
///
///
///
///
///
///
///
///

## III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of defendant Davis. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Based on the foregoing, the undersigned recommends that:

1. The court direct service of process on defendants Edwards and Brooks by separate order; and
2. Defendant Davis be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 13, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE