**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY J. CARDENAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B.S. EDWARDS, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-0691-TLN-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's second amended complaint, ECF No. 18. Defendants have been served and have filed their answer to the second amended complaint. See ECF Nos. 26 (waiver of service) and 28 (answer to second amended complaint). Pending before the Court is Plaintiff's third amended complaint, ECF No. 31, filed without leave of Court.

　　　　The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all

the parties. See Fed. R. Civ. P. 15(a)(2).  Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

In this case, Plaintiff attempted to amend as of right with a "supplement" to the original complaint filed on May 9, 2019.  See ECF No. 10.  On June 25, 2019, the Court granted Plaintiff an opportunity to file a single operative pleading or to stand on the original complaint without reference to the "supplement."  See ECF No. 14.  Plaintiff elected to file a first amended complaint as of right.  See ECF No. 18 (second amended complaint).  Because Plaintiff has not sought or obtained leave of court or obtained a stipulation from Defendants to file a further amended complaint, the third amended complaint filed on August 27, 2020, will be stricken.  This action continues to proceed on the second amended complaint.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's third amended complaint, ECF No. 31, is stricken.

Dated:  October 16, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2