**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY CARDENAS, JR., <br><br> Plaintiff, <br><br> v. <br><br> B.S. EDWARDS, et al., <br><br> Defendants. | No. 2:19-CV-0691-TLN-DMC-P <br><br><br> ORDER |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court are Plaintiff's motions for the appointment of counsel. ECF Nos. 40, 43. Plaintiff also filed a motion for "investigators for discovery," which the Court construes as a motion for counsel. ECF No. 33. Defendants oppose the motions. ECF No. 39, 44.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Across his multiple motions, Plaintiff contends that he requires counsel because he is indigent, untrained in the law, and because he is mentally and physically disabled and legally blind. See, e.g., ECF Nos. 33 at 2; 40 at 2; 43 at 2. He contends that another prisoner has helped him write down his submissions to the court. ECF No. 43 at 2. He also variously applies to his arguments the standards for appointment of counsel in habeas corpus cases and implies that the Sixth Amendment to the United States constitution requires appointment of counsel. See ECF Nos. 33 at 2; 43 at 4.

The Court recognizes unique difficulties of litigating from prison. The Court is mindful, too, that Plaintiff's disabilities and the enduring COVID-19 pandemic serve to exacerbate the plight of a pro se prisoner litigating a civil rights case. The Court, however, does not find truly *exceptional* circumstances warranting a request by the Court for voluntary assistance of counsel. The Court does not reach that conclusion because the Court disbelieves that Plaintiff is disabled. Rather, review of the docket indicates that Plaintiff has been able to articulate his claims on his own despite his medical conditions. See, e.g., Harrington v. Scribner, 785 F.3d 1299, 1309 (9th Cir. 2015). Plaintiff has filed multiple motions and substantive filing that, although meandering, reasonably outline his requested relief. He has not demonstrated an insufficient grasp of his case or an inadequate ability to articulate his claims. See, e.g., id. Moreover, Plaintiff alleges fairly straightforward Eighth Amendment deliberate indifference and cruel and unusual punishments. See ECF No. 18. The factual and legal issues involved in this case are not unusually complex.

///

Furthermore, discovery is ongoing via pending motions to compel.[1] No dispositive motions have been filed as of the date of this order. The Court cannot say that Plaintiff has established a particular likelihood of success on the merits at the present stage of this case.

Plaintiff's motions for appointment of counsel (ECF Nos. 33, 40, 43) are **DENIED**.

IT IS SO ORDERED.

Dated:  January 26, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has granted Plaintiff an extension of time to reply to Defendants' pending motions to compel via separate order. Discovery officially closed on November 9, 2020 (ECF No. 29). But because responses to discovery allegedly remain outstanding, discovery has not concluded, and no dispositive rulings are pending.