# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CARDENAS, JR., | No. 2:19-CV-0691-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| B.S. EDWARDS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Defendants' motions to compel, ECF Nos. 52 and 53.

## I. BACKGROUND

On April 1, 2020, the Court determined that Plaintiff's second amended complaint was appropriate for service on Defendants Edwards and Brooks. See ECF No. 21. Defendants filed their answer on July 7, 2020. See ECF No. 28. On July 14, 2020, the Court issued a scheduling order permitting discovery through November 9, 2020. See ECF No. 29.

/ / /

/ / /

/ / /

1

On August 6, 2020, Defendants served on Plaintiff special interrogatories, set one, and requests for production of documents, set one. See ECF No. 52-2, pgs. 5-17 (Smithey declaration, Exhibits A and B). Plaintiff did not serve any responses. Instead, Plaintiff filed two "notices" with the Court on December 30, 2020. See ECF Nos. 50 and 51. In his first "notice," Plaintiff appears to state that he will not serve written responses until a judge is assigned to the case and counsel is appointed. See ECF No. 50, pg. 2. At the time Plaintiff's notice was filed, Plaintiff's motions for the appointment of counsel were pending. Plaintiff makes the same representations in his second "notice," and accused Defendants' counsel of harassment. See ECF No. 51. Attached to Plaintiff's second "notice" is a copy of counsel's December 16, 2020, meet-and-confer letter regarding the outstanding discovery. See id. at 16-17. At the bottom of the second page of the attached letter, Plaintiff states that the undersigned "rules all their intergations [sic] were stricken. . . ." Id. at 17.

On October 14, 2021, Defendants served on Plaintiff a notice of Plaintiff's deposition to be taken on November 6, 2020. See ECF No. 53-2, pgs. 4-7 (Exhibit A to Smithey declaration). Plaintiff appeared for the noticed deposition on November 6, 2020. See id. at 8-19 (Exhibit B to Smithey declaration). At his deposition, Plaintiff repeatedly refused to answer any questions until he was appointed counsel to represent him. See id.

Defendants filed their motions to compel on January 1, 2021. See ECF Nos. 52 and 53. On January 26, 2021, the Court denied Plaintiff's pending motions for the appointment of counsel, see ECF No. 55, and provided Plaintiff 30 days within which to respond to Defendants' motions, see ECF No. 56. To date, Plaintiff has not filed any response to the pending discovery motions.

## II. DISCUSSION

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

3

1         Defendants' motions sufficiently identify the discovery in dispute, to wit
2 unanswered written discovery requests and Plaintiff's refusal to answer questions at his properly
3 noticed deposition. Because Plaintiff did not respond to written discovery and refused to answer
4 questions at his deposition, consideration of why objections are improper or responses are
5 deficient is unnecessary. Finally, the Court has reviewed the written discovery at issue and finds
6 that Defendant's requests seek relevant information, specifically information related to Plaintiff's
7 exhaustion of administrative remedies prior to filing his lawsuit. Plaintiff's refusal to provide
8 written responses to Defendants' interrogatories and requests for production of documents, as
9 well as his refusal to answer questions at his deposition, violate the Federal Rules of Civil
10 Procedure and this Court's scheduling order. Defendants' motions will be granted. Any
11 objections are waived. Defendants may submit a declaration for an award of reasonable expenses
12 pursuant to Federal Rule of Civil Procedure 37(a)(5). Plaintiff is cautioned that failure to comply
13 with this order may result in the imposition of additional sanctions, including but not limited to
14 terminating sanctions.
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDRED that:

1. Defendants' unopposed motions to compel, ECF Nos. 52 and 53, are granted;

2. Plaintiff shall serve written responses to Defendants' interrogatories, set one, and requests for production of documents, set one, within 30 days of the date of this order, without objection;

3. Plaintiff shall appear at a properly noticed deposition set within 30 days of the date of this order at which time he shall answer all questions posed without objection; and

4. Defendants may submit a declaration for an award of reasonable expenses under Rule 37(a)(5) within 30 days of the date of this order.

Dated: May 26, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE